ON REHEARING
Before BROWN, CARAWAY, DREW, PITMAN and GARRETT, JJ.
CARAWAY, J.
| iWe now grant rehearing for reconsideration of the juvenile court’s failure to enter an adjudication order. The juvenile court’s judgment was incomplete, being conditioned upon the sanitation status of the parents’ trailer and home for the child. The State argues on rehearing that the burden of proof rested on the parents in defense to prove that the current state of the dwelling had changed from its prior condition with raw sewage in violation of the Sanitation Code. We agree. The juvenile court’s judgment left that important issue unresolved and therefore requires the entry of an adjudication order and the continued monitoring by the State for the child’s welfare, which is the overriding purpose of the child in need of care proceeding. That proceeding should therefore continue. The juvenile court judgment is therefore reversed, and it is hereby ordered that the evidence warrants a child in need of care adjudication for this child.
Additionally, the adjudication ruling which we now render will allow continued proceedings toward disposition. The distinction between these two important proceedings of the child in need of care action is most important for evidentiary purposes. At the adjudication stage which is currently before us, the regular limits of the rules of evidence apply. La. Ch.C. art. 663(A). At the disposition stage, which *982 has not yet occurred in this case, the evi-dentiary rules are relaxed under La. Ch,C. art.. 680 where the court may “consider evidence which would not be admissible at the adjudication hearing.”
In this case, a CASA report was filed prior to the adjudication hearing stating that “this report is submitted for the disposition hearing” (emphasis supplied) for the case. Such hearing has not yet occurred. Accordingly, the bCASA report, which contained obvious hearsay information, was not introduced into evidence at the adjudication hearing. The State and the court-appointed counsel for the child therefore never argued the CASA information of the parents’ history at this adjudication hearing. The State appropriately did not argue that information to this court in its original brief or in its rehearing brief. The trial court’s ruling denying adjudication was not based upon consideration of the CASA report.
On remand, with the ruling by this court for adjudication, the information developed in the CASA report and predisposition investigation may be fully considered.
REVERSED AND REMANDED.
DREW, J., concurs in the result of the majority opinion and further joins in both concurrences.
PITMAN, J., concurs with written reasons.
GARRETT, J., concurs with written reasons.